IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01529-WJM-KLM

MARGARET A. SILVA,

    Plaintiff,

v.

US BANK, NATIONAL ASSOC., as Trustee under the Pooling and Service Agreement dated as of February 1, 2007, GSAMP trust 2007-NCI,
MORTGAGE PASS-THROUGH CERTIFICATES, series 207, NCI,
PAUL KING, District Court Judge, in his individual capacity,
DAVID J. STEVENS, District Court Judge, in his individual capacity,
18TH JUDICIAL DISTRICT, Court of Colo. Arapahoe County,
RICHARD B. CASCHETTE, District Court Judge, in his individual capacity,
CHRISTINE DUFFY, Douglas County Public Trustee, in her individual capacity,
LAWRENCE E. CASTLE, in his corporate capacity,
ROBERT J. HOPP, in his individual and corporate capacity,
MERS INC., a division of MERSCORP INC., and
Does 1-10,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Amended Forthwith Motion for an Order to Show Cause Why a Motion for TRO/Preliminary Injunction Should Not Issue** [#43][1] (the "Motion"). In light of Plaintiff's pro se status, the Court construes her filings liberally, but must not act as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] "[#43]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

Plaintiff challenges the foreclosure of her residential property. *See generally Motion* [#43]. The Motion [#43] seeks an order enjoining Defendant Judge Paul King ("Judge King") from proceeding with a Forcible Entry and Detainer proceeding, which was originally scheduled for July 6, 2017 and now, according to the Motion, has been reset to August 11, 2017. *See Motion* [#43] at 1. Although Defendants have not yet filed a response, the Court deems it appropriate to rule on the Motion at this time. See D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed.1995)). It is unclear whether Plaintiff has complied with the notice requirements of the Court's applicable Local Rules. On August 7, 2017, Plaintiff filed a notice stating that she sent an email message on July 30, 2017, to Allison Ailer, apparently the attorney for Judge King and the 18th Judicial District. *See* [#55]. Plaintiff states that she received an out-of-office message. *Id.* Plaintiff also submitted Civil Process Affidavits signed by deputies of the Douglas County Sheriff's Office, indicating that they served an "Amended Forthwith Motion" and "Exhibit 1" on Defendants Judge King and 18th Judicial District on July 19, 2017, and July 21, 2017, respectively. *See* [#45-1, #45]. However, it is unclear which version of the "Amended Forthwith Motion" was served on these Defendants. The Court also notes that neither of these Defendants have entered an

appearance. Nonetheless, considering Plaintiff's pro se status, the Court applies the standard for a preliminary injunction here. *See Hall*, 935 F.2d at 1110.

Injunctive relief is an extraordinary remedy which should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir.1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). In the Tenth Circuit, a party requesting injunctive relief must clearly establish the following: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Id.* at 1267. Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Id.* at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

As noted above, Plaintiff seeks an order enjoining Defendants Judge King and the

18th Judicial District from proceeding with a Forcible Entry and Detainer Proceeding. Thus, the relief Plaintiff seeks would alter the status quo, as this would require that the Court intervene in state court proceedings. Therefore, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *See Schrier*, 427 F.3d at 1261. Accordingly, the Motion [#43] must be denied unless Plaintiff's "right to relief [is] clear and unequivocal." *Id.* at 1258.

Here, Plaintiff has failed to demonstrate that she is substantially likely to succeed on the merits. *See Schrier*, 427 F.3d at 1258. Plaintiff challenges the constitutionality of Colorado's Rule 120 proceedings. *See Motion* [#43] at 2. Specifically, she states that Rule 120 proceedings are limited and do not allow homeowners to present all available defenses, and that the burden of proof that now applies in Rule 120 proceedings following amendments to Colorado's foreclosure laws unfairly favors lenders.[2] *Id.* at 3-4, 8-9. However, "precedent makes clear that a judicial proceeding brought pursuant to Rule 120 which follows the dictates of that law does not violate an individual's due process rights under the Fifth and Fourteenth Amendments." *Lewis v. JP Morgan Chase Bank, National Assoc.*, No. 13-cv-1375-PAB-KLM, 2014 WL 1217948, at *10 n.5 (D. Colo. Mar. 24, 2014) (internal citations omitted).

Additionally, Plaintiff's bare allegation that Judge Caschette did not require US Bank to prove that it had standing to foreclose on the property is conclusory, and therefore does not meet Plaintiff's burden to demonstrate that her right to relief is "clear and unequivocal."

---

[2] Throughout the Motion [#43], Plaintiff cites to various cases issued prior to the amendments to Colorado's foreclosure laws. Those cases are not persuasive, as they do not consider the law as it currently exists.

*Motion* [#43] at 10.³

Lastly, Plaintiff alleges that "Judge Caschette's Order Authorizing Sale . . . and the Release agreement was [*sic*] made on condition that US Bank modify the loan, which US Bank failed to do and breached the agreement . . . ." *Motion* [#43] at 5-6. On the Court's examination of the Order Authorizing Sale attached to the Motion, the documents do not contain any such agreement, nor is the Court certain of the relevancy of Plaintiff's argument. *Id.* at 20-21.

As a result of the foregoing, the Court concludes that Plaintiff has failed to show a likelihood of success on the merits, and respectfully **recommends** that the Motion [#43] be **denied**. *See Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB-MJW, 2013 WL 50434 at *3 (D. Colo. Jan. 3, 2013) (stating that where plaintiff fails to demonstrate one of the factors considered on a motion for a TRO, "[t]he Court need not reach the other factors of the inquiry").

### IV. Conclusion

For the reasons stated above,

The Court hereby respectfully **RECOMMENDS** that the Motion [#43] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

---

³ Furthermore, the Court notes that the Order Authorizing Sale attached to the Motion states that the state court, referencing the terms of the Note and Deed of Trust, found a reasonable probability that the provisions of Rule 120 had been complied with. *See Motion* [#43] at 20-21.

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 9, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge