IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1529-WJM-KLM

MARGARET A. SILVA,

    Plaintiff,

v.

US BANK, NATIONAL ASSOC., as Trustee under the Pooling and Service Agreement dated as of February 1, 2007, GSAMP trust 2007-NCI,
MORTGAGE PASS-THROUGH CERTIFICATES, series 207, NCI,
PAUL KING, District Court Judge, in his individual capacity,
DAVID J. STEVENS, District Court Judge, in his individual capacity,
18TH JUDICIAL DISTRICT, Court of Colo. Arapahoe County,
RICHARD B. CASCHETTE, District Court Judge, in his individual capacity,
CHRISTINE DUFFY, Douglas County Public Trustee, in her individual capacity,
LAWRENCE E. CASTLE, in his corporate capacity,
ROBERT J. HOPP, in his individual and corporate capacity,
MERS INC., a division of MERSCORP INC., and
Does 1-10,

    Defendants.

---

## ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

---

This matter is before the Court on United States Magistrate Judge Kristen L. Mix's Recommendation dated June 26, 2017 ("Recommendation"), which recommended denying without prejudice Plaintiff's motion seeking a temporary restraining order against Judge David J. Stevens ("Motion"). (ECF Nos. 13, 14.) Plaintiff Margaret A. Silva ("Plaintiff") filed a timely Objection to the Recommendation ("Objection"). (ECF No. 15.) For the reasons set forth below, Plaintiff's Objection is overruled and the Recommendation is adopted.

# I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal. *See, e.g.*, *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). To meet this burden, a party seeking a preliminary injunction must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

## II. BACKGROUND

Plaintiff filed her initial motion seeking a temporary restraining order against Colorado District Court Judge David J. Stevens ("Judge Stevens") in June 2017. (ECF No. 3 at 1.) Judge Stevens is the presiding judge in Plaintiff's Forcible Entry and Detainer proceeding in state court, which arose pursuant to a Rule 120 foreclosure proceeding. (*Id*.) Plaintiff's underlying claim is that Colorado Rule of Civil Procedure 120(d) and the state foreclosure statute Colo. Rev. Stat. § 38-38-101 as amended by HB06-1387 facially and procedurally violate the Fourteenth Amendment to the united States Constitution. (*Id*. at 5.) Thus, Plaintiff argues, an eviction which follows these proceedings is facially unconstitutional and a denial of due process. (*Id*.) Plaintiff would like to enjoin the Forcible Entry and Detainer proceeding until her constitutional claims can be adjudicated. (*Id*.)

Judge Mix recommended that Plaintiff's Motion be denied without prejudice because Plaintiff had not complied with the conferral and notice requirement of

D.C.COLO.LCivR 7.1 and 65.1(a). (ECF No. 13 at 2.) Plaintiff then filed another motion for preliminary injunction, which was essentially identical to the first motion and also did not comply with the Local Rules. (ECF No. 11.) Judge Mix issued the same Recommendation to the second Motion. (ECF No. 14.) Plaintiff then timely filed an Objection to the Recommendation. (ECF No. 15.)

### III. ANALYSIS

Judge Mix's Recommendation denies both motions seeking a temporary restraining order. (ECF Nos. 13, 14.) The Recommendation was based on the Plaintiff's failure to comply with the conferral and notice requirements of D.C.COLO.LCivR 7.1 and 65.1(a). (ECF No. 13 at 2; ECF No. 14 at 2.)

Local Rule 65.1(a) imposes notice and conferral requirements on parties seeking a temporary restraining order. A motion for a temporary restraining order

> shall be accompanied by a certificate of counsel or an unrepresented party, stating:
>
> (1) that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing, have been provided to opposing counsel and any unrepresented adverse party; or
>
> (2) the efforts by the moving party to provide the required notice and documents. Except as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order.

D.C.COLO.LCivR 65.1(a).

Here, Plaintiff's Motion contains a "Certificate of Service by Mail," which indicates that she mailed the Motion to Defendant US Bank and that she "served all defendants by including a courtesy copy of the above motion in the summons and complaint." (ECF

4

No. 11 at 17.) However, as Judge Mix notes, Judge Stevens was not named as a defendant in the complaint and Plaintiff has not attached to the Motion a certificate demonstrating "the efforts made by the moving party to provide the required notice and documents" to him. D.C.COLO.LCivR 65.1(a)(2).

Plaintiff filed a timely objection to the Recommendation. (ECF No. 15 at 1.) Plaintiff points to a stamped copy of her Motion which shows Judge Stevens as a named Defendant. (*Id*.) Plaintiff also claims that the Summons and Complaint was served on Judge Stevens "without his name in the caption." (*Id*.) Plaintiff accepts that the complaint does not reflect Judge Stevens' name, but claims that "he will be re[-]served with the summons and complaint." (*Id*.)

Upon examining these documents, the Court finds that Plaintiff has not provided the required notice and documents to Judge Stevens pursuant to D.C.COLO.LCivR 65.1(a)(2). While the attachments that Plaintiff refers to do show that she contacted counsel for Defendant US Bank, they do not show *any* attempt to serve or notify Judge Stevens. (*See* ECF No. 15.)

Judge Mix also concluded that "on the facts she has presented to date, Plaintiff has not clearly shown 'that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition,' or otherwise met the standard of Fed. R. Civ. P. 65(b)(1) warranting consideration of an ex parte motion for temporary restraining order." (ECF No. 13 at 3.) In her Objection, Plaintiff argues that she "will suffer a pre-deprivation if she is evicted." (ECF No. 15 at 2.)

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical. Irreparable harm is not harm that is merely serious or substantial."

5

*Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Rather, the party seeking relief must show "a clear and present need for equitable relief to prevent irreparable harm." *Id.* "It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Id.*

In her Motion, Plaintiff argues that if the Forcible Entry and Detainer proceeding is not enjoined, she "would be dispossessed causing a pre-deprivation before obtaining a full and fair hearing." (ECF No. 11 at 12.) Plaintiff explains that once a public deed is issued pursuant to the Forcible Entry and Detainer, "the loss of Plaintiff's home becomes essentially inevitable, which would cause irreparable harm." (*Id.*) Plaintiff acknowledges that she has a statutory right of redemption allowing her to repay the debt and reclaim the property after the foreclosure sale, but argues that the eviction will cause her additional fees, costs, additional rent, and translocation. (*Id.*)

While these effects are substantial, Plaintiff has failed to show that they are certain to occur, and that there is a present need for equitable relief. Thus, the Court agrees with Judge Mix's Recommendation that Plaintiff has not clearly shown that such damage will occur before the adverse party can be heard in opposition. (ECF No. 13 at 3.)

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to the Recommendation (ECF No. 15) is OVERRULED;
2. The Recommendation (ECF Nos. 13, 14) is ADOPTED in its entirety;

6

3. Plaintiff's Motion seeking a temporary restraining order (ECF Nos. 3, 11) is DENIED without prejudice.

Dated this 15th day of November, 2017.

BY THE COURT:

William J. Martínez
United States District Judge