IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1529-WJM-KLM

MARGARET A. SILVA,

    Plaintiff,

v.

US BANK, NATIONAL ASSOC., as Trustee under the Pooling and Service Agreement dated as of February 1, 2007, GSAMP trust 2007-NCI,
MORTGAGE PASS-THROUGH CERTIFICATES, series 207, NCI,
PAUL KING, District Court Judge, in his individual capacity,
DAVID J. STEVENS, District Court Judge, in his individual capacity,
18TH JUDICIAL DISTRICT, Court of Colo. Arapahoe County,
RICHARD B. CASCHETTE, District Court Judge, in his individual capacity,
CHRISTINE DUFFY, Douglas County Public Trustee, in her individual capacity,
LAWRENCE E. CASTLE, in his corporate capacity,
ROBERT J. HOPP, in his individual and corporate capacity,
MERS INC., a division of MERSCORP INC., and
Does 1-10,

    Defendants.

---

## ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER REGARDING RECUSAL

---

This matter is before the Court on Plaintiff Margaret Silva's Motion to Recuse Judge Kristen L Mix From Any Further Participation in the Above Entitled Case ("Motion"). (ECF No. 21.) On July 13, 2017, Plaintiff filed her Motion, claiming that U.S. Magistrate Judge Kristen L. Mix "has demonstrated that she is deliberately willing to deny due process by framing her Report and Recommendations to deny access to court process to pro se homeowner litigant's [*sic*] in foreclosure." (*Id.* at 3.) On July 27, 2017, Judge Mix entered an Order that Plaintiff's Motion be denied ("Order"). (ECF No.

39.) On August 1, 2017, Plaintiff filed an Objection to Judge Mix's Order ("Objection"). (ECF No. 46.) The Court construes this Objection as an objection under Rule 72(a). For the reasons set forth below, Plaintiff's Objection is overruled and the Magistrate Judge's Order is affirmed.

## I. STANDARD OF REVIEW

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if he or she applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

Pursuant to 28 U.S.C. § 455(a), "a judge of the United States shall disqualify h[er]self in any proceeding in which [her] impartiality might reasonably be questioned,"

as well as in cases of personal bias or prejudice, or where the judge has a personal or a financial interest in the controversy. 28 U.S.C. § 455(a)–(b). Recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)). However, "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Id.* at 659–60.

The evaluation of the necessity of recusal is further informed by the provisions of the Judicial Conduct and Disability Act ("JCDA"), 28 U.S.C. §§ 351 *et seq.*, and the Guide to Judiciary Policy, which provides that a judge against whom a complaint is filed "is not required to recuse from a case involving the complainant unless . . . the circumstances raise a reasonable question about the judge's impartiality." Guide to Judiciary Policy, Vol. 2B, Ch. 2, Advisory Opinion No. 103 (June 2009).

## II. BACKGROUND

Plaintiff bases her Motion on the Report and recommendation Judge Mix issued in *Davis v. Deutsche Bank Nat'l Tr. Co. for GSAA Home Equity Tr. 2007-5, Asset-Back Certificates, Series 2007-5*, No. 16-cv-2245-PAB-KLM, 2016 WL 8670507, at *1 (D. Colo. Dec. 30, 2016). (ECF No. 21 at 3.) Like Silva, the plaintiff in the *Davis* case brought claims based on the constitutionality of Rule 120 and multiple motions for a preliminary injunction against the presiding state court judge. (*Id.* at 29.) In that case,

Judge Mix recommended that the individual capacity claims against the state court judge be dismissed with prejudice on the basis of judicial immunity and that claims brought against the judge in her official capacity be dismissed without prejudice. (*Id.* at 52–53.) Plaintiff argues that Judge Mix's Report and Recommendation in that case did not include "any legal argument, or any case law in support of Plaintiff's claims, not because there aren't any, but because it would contradict her analysis." (*Id.* at 4.)

In her Order, Judge Mix denied Plaintiff's Motion to Recuse. The Order stated, "there is no legitimate reason why the undersigned's impartiality might objectively or reasonably be questioned in this case." (ECF No. 39 at 3.)

In her Objection to the Magistrate Judge's Order, Plaintiff states, "Judge Mix's Report and Recommendation in the case of *Davis v. Deutsche Bank* gave [her] no confidence that [the Magistrate Judge] would be impartial in [her] case since the issues are the [same]." (ECF No. 46 at 2.)

### III. ANALYSIS

In her Objection, Plaintiff asks, "how can a [magistrate judge] be impartial, if the analysis of the magistrate fails to address any, and all of a litigant's arguments and then refer the slanted Report and Recommendation to the District Judge for him to dismiss?" (ECF No. 46 at 2.) Plaintiff also claims that she "earnestly feel[s] that [Judge Mix] will not be impartial in this case, as she was not in *Davis v. Deutsche Bank*." (*Id.*)

Pursuant to 28 U.S.C. § 455(a), a judge will disqualify herself in any proceeding in which her impartiality might reasonably be questioned, as well as in cases of personal bias or prejudice. 28 U.S.C. § 455 (a)–(b). Additionally, the Tenth Circuit

4

holds that recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce*, 289 F.3d at 659. However, the purpose of the statute is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Additionally, the Tenth Circuit has held that rulings that were adverse to the moving party in any proceeding, solely due to their adverse nature, do not merit disqualification. *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001). Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce*, 289 F.3d at 659.

Here, Plaintiff doubts Judge Mix's impartiality because of the adverse nature of Judge Mix's Report and Recommendation in the *Davis* case. Although the claims in that case are similar to this Plaintiff's claims, Judge Mix's adverse Recommendation in a prior, unrelated case does not cause her impartiality to reasonably or objectively be questioned in this case.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to the Order (ECF No. 46) is OVERRULED; and
2. The Order (ECF No. 39) is AFFIRMED.

Dated this 17th day of November, 2017.

BY THE COURT:

William J. Martínez
United States District Judge