IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01529-WJM-KLM

MARGARET A. SILVA,

  Plaintiff,

v.

US BANK, NATIONAL ASSOC., as Trustee under the Pooling and Service Agreement
dated as of February 1, 2007, GSAMP trust 2007-NCI,
MORTGAGE PASS-THROUGH CERTIFICATES, series 207, NCI,
PAUL KING, District Court Judge, in his individual capacity,
DAVID J. STEVENS, District Court Judge, in his individual capacity,
18TH JUDICIAL DISTRICT, Court of Colo. Arapahoe County,
RICHARD B. CASCHETTE, District Court Judge, in his individual capacity,
CHRISTINE DUFFY, Douglas County Public Trustee, in her individual capacity,
LAWRENCE E. CASTLE, in his corporate capacity,
ROBERT J. HOPP, in his individual and corporate capacity,
MERS INC., a division of MERSCORP INC., and
Does 1-10,

  Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

  This matter is before the Court on the following motions: (1) Defendant Christine

Duffy's **Motion to Dismiss the Second Amended Complaint** [#57][1] ("Duffy's Motion"), (2)

Defendant Robert J. Hopp's **Motion to Dismiss the Second Amended Complaint**

**Pursuant to Fed. R. 12(b)(1) and Fed. R. 12(b)(6)** [#59] ("Hopp's Motion"), (3) Defendants

Judge Paul King, Judge David J. Stevens, Judge Richard B. Caschette, and the 18th

---

[1] "[#57]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  This convention is used throughout this Recommendation.

Judicial District Court of Colorado Arapahoe County's **Motion to Dismiss** [#61] (the "Judicial Defendants' Motion"), (4) Defendants US Bank and MERS' **Motion to Dismiss Second Amended Complaint** [#62] ("US Bank and MERS' Motion"), and (5) Defendant Lawrence E. Castle's **Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#80] ("Castle's Motion"). Plaintiff filed Responses [#65, #66, #75, #84] to Defendants US Bank and MERS, Duffy, the Judicial Defendants, and Castle's Motions, respectively.[2] Defendant US Bank and MERS, Duffy, the Judicial Defendants, and Castle filed Replies [#77, #76, #79, #88, respectively]. No Response or Reply was filed with respect to Hopp's Motion [#59].

Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motions have been referred to the undersigned for recommendation. *See* [#58, #60, #63, #64, #81]. Having reviewed all motions and related briefing, the entire case file, the relevant law, and being sufficiently advised in the premises, the Court respectfully **RECOMMENDS** that all Defendants' Motions [#57, #59, #61, #62, #80] be **GRANTED**.

## I. Background

Plaintiff challenges the foreclosure of her residential property (the "Property"). Plaintiff previously filed a lawsuit in this Court (13-cv-02289-MSK-CBS), in which a settlement agreement was reached between Plaintiff and Ocwen Loan Servicing. Plaintiff later disputed the settlement agreement and the case was ultimately administratively closed on September 15, 2014, in order for the parties to discuss alternative resolutions to the litigation. *See Order* [#101]. To date, the 2013 matter has not been reopened.

---

[2] Plaintiff improperly and untimely filed a second Response [#92] to Castle's Motion, which has been stricken from the record. *See Minute Order* [#109].

Plaintiff, who is proceeding pro se,[3] filed a Complaint [#1] initiating the present lawsuit on June 23, 2017. Plaintiff filed a series of motions for injunctive relief seeking to enjoin the state court from proceeding with a Forcible Entry and Detainer proceeding. The Court recommended denying the earlier motions due to procedural deficiencies, and most recently recommended denying Plaintiff's request for injunctive relief because the Court found that Plaintiff had failed to show a likelihood of success on the merits. *See Recommendation* [#56]. The District Judge adopted the Recommendation. *Order* [#67]. Meanwhile, Plaintiff successfully amended her pleadings, the operative pleading now being the Second Amended Complaint [#47].

Plaintiff raises eight enumerated claims for relief in the Second Amended Complaint [#47]: (1) due process and equal protection violations of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, (2) conspiracy pursuant to § 1983, (3) fraud by misrepresentation and non-disclosure, (4) unjust enrichment, (5) a request for injunctive relief pursuant to *Ex Parte Young*, and (6) misfeasance in public office.[4] *Second Am. Compl.* [#47] at 1-2. Plaintiff alleges that § 38–38–101 of the Colorado Revised Statutes as amended by HB–1387, which provide the basis for Colorado's foreclosure procedures under Rule 120, violate the Fourteenth Amendment. Plaintiff brings these claims against

---

[3] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [their] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] There is a misnumbered section titled "Second Cause of Action" asserting a § 1985 claim that appears to be mistakenly included, but will be addressed briefly below nonetheless. *See Second Am. Compl.* [#47] at 30-32.

the following Defendants: (1) the assignee and assignor of the deed of trust on her residence (Defendants US Bank and MERS), (2) three State Court District Judges who presided over her state court proceedings (Defendant Judges Caschette, Stevens, and King) and the District where the proceedings took place (Defendant 18th Judicial District), (3) a Public Trustee (Defendant Duffy), and (4) two private attorneys (Defendants Castle and Hopp).[5]

As relief, Plaintiff seeks an order voiding the foreclosure and setting aside any foreclosure sale, a declaration that the amendments to Colorado's foreclosure statute are unconstitutional, a declaration that Rule 120 is procedurally defective, $1,000,000 in damages each from Defendants Castle and Hopp, and other related relief. *See Second Am. Compl.* [#47] at 39-41.

On October 20, 2017, Defendants US Bank and MERS filed a Suggestion of Bankruptcy, and Notice of Relief from Stay [#83] stating that Plaintiff has filed for Chapter 7 Bankruptcy protection (Case No. 17-17973-EEB), but that the United States Bankruptcy Court for the District of Colorado granted a relief from stay "to proceed with litigation pending" in the present matter. *See* [#83].

## II. Legal Standards

### A.    Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its

---

[5] Plaintiff also listed "Does 1-10" as Defendants. The Does will be addressed separately in this Recommendation.

jurisdiction. *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1).

Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed.

*F & S Const. Co. v. Jensen,* 337 F.2d 160, 161 (10th Cir. 1964). "The burden of

establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing

*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or

factual attack. *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing

a facial attack on a complaint, the Court accepts the allegations of the complaint as true.

*Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not

presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual

attack, the moving party challenges the facts upon which subject-matter jurisdiction

depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make

its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow

affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life

Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman,* 825 F.2d

257, 259 n.5 (10th Cir. 1987)). The Court's reliance on "evidence outside the pleadings"

to make findings concerning purely jurisdictional facts does not convert a motion to dismiss

pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.     Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ.

P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon

which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second

brackets added; citation and internal quotation marks omitted).

## III. Analysis

**A.    Claims against Defendant Hopp**

As an initial matter, Defendant Hopp advises the Court that he filed for Chapter 7 bankruptcy protection on June 25, 2013 (Case No. 13-20838-SBB).  His case was discharged on February 10, 2014, and then closed on March 19, 2014.  A permanent injunction and stay was issued under 11 U.S.C. § 727.  Defendant asserts that all claims against him should be dismissed because the allegations against Defendant Hopp occurred prior to June 25, 2013, and Plaintiff did not file an adversary action in Defendant Hopp's bankruptcy case.  *See Second Am. Compl.* [#47] at 4 (alleging that Defendant Hopp was referred to the Public Trustee Association to streamline the foreclosure process between 2002-2006).  It should be noted that Defendant Hopp does not cite to any legal authority in support of his position.

A Chapter 7 bankruptcy discharges the debtor from debts arising before the date of discharge.  11 U.S.C. § 727.  "Debt" means "liability on a claim," and "claim" means the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  11 U.S.C. § 101(12), (5).  However, debt may only be discharged with respect to creditors who received actual, timely notice of the bankruptcy proceedings.  11 U.S.C. § 523(a)(3); *see also In re Green*, 876 F.2d 854, 856 (10th Cir. 1989); *Reliable Elec. Co. v. Olson Constr. Co.*, 726 F.2d 620, 622 (10th Cir. 1984) (due process requires adequate notice to a creditor before its rights can be adversely affected).  Here, Defendant

Hopp has not indicated whether Plaintiff received actual, timely notice of the Chapter 7 proceedings. *See* 11 U.S.C. § 523(a)(3). Accordingly, the Court considers Plaintiff's claims against him in section D.3.b. below.

## B.     Prior Settlement Agreement with Defendant US Bank

Defendant US Bank argues that Plaintiff is barred from bringing all stated claims against it due to the Settlement Agreement that was executed at the end of her 2013 case. *US Bank and MERS' Motion* [#62] at 9-10.  The Settlement Agreement, which Plaintiff attached to her First Amended Complaint [#16],[6] provides:

> Borrowers [Plaintiff] . . . hereby unconditionally, irrevocably, forever and fully releases, acquits, and forever discharges U.S. Bank . . . [and] Ocwen . . . of and from any and all claims, demands, actions, causes of action, suits, liens, debts, obligations, promises, agreements, costs, damages, liabilities, and judgments of any kind . . . whether known or unknown . . . which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the [2013] Action, the Property, the Note, the Deed of Trust, or the Loan . . . .

*Settlement Agreement* [#16] at 85-92.

Colorado law holds that a court may "summarily enforce a settlement agreement if

---

[6]   When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).  The Court may consider documents outside of the complaint on a motion to dismiss in certain instances, however.  For instance, a court may consider, in addition to the allegations in the complaint: "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'"  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  The Court considers the Settlement Agreement here because its contents are referred to in the Second Amended Complaint, it was attached to the First Amended Complaint, and the parties do not dispute the document's authenticity.  *See Second Am. Compl.* [#47] at 6-7; *First Am. Compl.* [#16] at 85-92.

it is undisputed that a settlement exists."[7]  *DiFrancesco v. Particle Interconnect Corp.*, 39

P.3d 1243, 1247 (Colo. App. 2001) (citing *Goltl v. Cummings*, 380 P.2d 556 (Colo. 1963)).

However, here Plaintiff alleges that Defendant US Bank did not negotiate in good faith, and

asserts that US Bank failed to comply with its obligation to modify the loan so that Plaintiff

could remain on the Property.  *Second Amended Complaint* [#47] at 7.  Giving Plaintiff's

allegations the broad deference afforded to pro se litigants' filings, Plaintiff sufficiently

alleges a material breach of contract that may have released her from waiving the right to

assert these claims.  *See Carfield & Sons, Inc. v. Cowling*, 616 P.2d 1008, 1010 (Colo.

App. 1980) (stating that major breaches may terminate the non-breaching party's

obligations under the contract).[8]  Accordingly, the Court considers the claims asserted

against Defendant US Bank below.

## C.     Claims Against State Court Judicial District and Individual Judges

Plaintiff alleges that Defendant Caschette, a State Court District Judge, "denied

plaintiff due process in a procedurally defective Rule 120 [proceeding]."  *See Second Am.*

*Compl.* [#47] ¶¶ 98-101, 108-113.  The allegations underlying this statement appear to be

that Defendant Judge Caschette denied Plaintiff's motion to vacate the Rule 120 complaint

and entered an Order of Sale without a hearing.  *Id.*  Defendants Stevens and King are the

State Court District Judges who presided over the Forcible Entry and Detainer proceeding,

---

[7]  Although the parties have not directly addressed the choice-of-law question with respect to enforcement of settlement agreements, Defendants cite solely to Colorado law and Plaintiff apparently does not dispute its application.  Additionally, in *Boulware v. Baldwin*, the Tenth Circuit Court of Appeals noted that the Circuit "appear[s] to follow the majority rule that state law governs the enforcement and interpretation of private settlement agreements even if they settle federal claims . . . ." 545 F. App'x 725, 728 (10th Cir. 2013) (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir.2000)).  Thus, the Court applies Colorado law here.

[8]  Plaintiff does not assert a breach of contract claim in this action.

which Plaintiff asserts violates the Fourteenth Amendment because the proceeding reinforced the unlawful Rule 120 proceeding. *Id.* ¶¶ 103, 177. Plaintiff's claims are brought against the three judges in their individual capacities only.

Pursuant to the Eleventh Amendment, the Court lacks subject matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir.1995). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). Here, Plaintiff concedes that Defendant 18th Judicial District is an arm of the state. *Second Am. Compl.* [#47] at 37. Indeed, judicial districts are considered state courts under Article VI of the Colorado Constitution, which also provides the jurisdictional limitations, parameters for the creation of judicial districts, term limits for district judges, and other such rules. *See Judicial Defendants' Motion* [#61] at 5. Additionally, at least one other case in this District has held that judicial districts are entitled to Eleventh Amendment immunity. *See Fey v. Washington*, No. 16-CV-03103-WJM-MEH, 2017 WL 1344451, at *5 (D. Colo. Apr. 12, 2017). Thus, the Court finds that Defendant 18th Judicial District is an arm of the state for immunity purposes.

Contrary to Plaintiff's arguments in the Response [#75], the State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate

Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  Therefore, the Court respectfully **recommends** that the claims against Defendant 18th Judicial District be **dismissed without prejudice** for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice." (citations omitted)).

Next, the Court turns to the claims against the individual judicial defendants. "[A]bsolute immunity is necessary so that judges can perform their functions without harassment or intimidation." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986). A judge will lose judicial immunity only for (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Here, Plaintiff has challenged the propriety of the individual judges' (Caschette, King, and Stevens) actions in connection with the Rule 120 and eviction proceedings over which they presided. *Second Am. Compl.* [#47] at 5, 37.  These actions are indisputably judicial in nature. *See Brackhahn v. Eder*, No. 13-cv-00141-CMA-KMT, 2013 WL 2394980,

at *5 (D. Colo. May 31, 2013) (allegations arising out of a judge's official duties in handling a foreclosure action and authorizing a sale constitute judicial acts normally performed by a judge). Plaintiff's remaining arguments that judicial immunity does not extend to state court district judges and that Rule 120 proceedings are non-judicial are plainly incorrect. *See Response* [#75] at 13-14. Additionally, "the doctrine of judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well[,]" except where "a declaratory decree was violated or declaratory relief was unavailable." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008); *Brackhahn*, 2013 WL 2394980, at *4. Plaintiff does not allege, nor does it otherwise appear, that a declaratory decree was violated or that declaratory relief was unavailable to Plaintiff. Therefore, the Court respectfully **recommends** that the individual-capacity claims against Defendant Judges Caschette, King, and Stevens be **dismissed with prejudice** on the basis of judicial immunity. *See Flanders v. Snyder Bromley*, No. 09-cv-01623-CMA-KMT, 2010 WL 2650025, at *6 (D. Colo. Apr. 9, 2010) (stating that judicial immunity applies to both monetary and injunctive relief sought against a judicial officer); *Brereton*, 434 F.3d at 1219 ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

**D.    § 1983 Claims**

To state a claim under § 1983, Plaintiff must allege deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was committed "under color of state law." *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

Plaintiff brings § 1983 claims against Defendants individually, as well as collectively as part of a § 1983 conspiracy.

Plaintiff alleges that Defendants violated her Fourteenth Amendment procedural due process rights. Although Plaintiff has provided a plethora of allegations and legal arguments in the 42-page Second Amended Complaint, it is difficult to decipher the basis of Plaintiff's claims. The Court's best understanding of Plaintiff's allegations is that, in essence, the 2006 legislation amending Colorado's foreclosure laws lowered creditors' standard of proof in order to obtain an advantage over homeowners in the foreclosure process. *Second Am. Compl.* [#47] at 12-14. Plaintiff asserts that the legislative changes violate her due process rights because such foreclosure proceedings (specifically, Rule 120 hearings) are procedurally defective under the Fourteenth Amendment.[9] *Id.*

### 1. *Rooker-Feldman* Doctrine

Various Defendants argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *See Hopp's Motion* [#59] at 5-8; *Judicial Defendants' Motion* [#61] at 5-7; *US Bank and MERS' Motion* [#62] at 8-9; *Castle's Motion* [#80] at 5 n.4. The *Rooker-Feldman* doctrine prevents "state-court losers" from seeking review and rejection of a state-court judgment "rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255, 1261 (10th Cir. 2012). "*Rooker-Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided

---

[9] "Rule 120 governs the very specialized civil proceeding in which an interested person may file a verified motion in court seeking the order authorizing sale under the power of sale contained in the recorded instrument." *Plymouth Capital Co. v. Dist. Ct.*, 955 P.2d 1014, 1015 (Colo.1998) (citations omitted).

by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (citations omitted). Such prohibited review of state court judgments "includ[es] those that authorize and confirm the sale of property." *Yokomizo v. Deutsche Bank Securities, Inc.*, No. 11-cv-01630-CMA-KLM, 2011 WL 5024899, at *5 (D. Colo. Oct. 21, 2011).

Appropriate application of the *Rooker-Feldman* doctrine to a Rule 120 foreclosure proceeding is dependent on a few variables, including when the federal case was initiated and what relief is sought by the plaintiff. The Tenth Circuit has applied the *Rooker-Feldman* doctrine to a plaintiff's claim arising out of a Rule 120 proceeding, where the plaintiff was "attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated [the lawsuit]." *Dillard v. Bank of New York*, 476 F. App'x 690, 692 n.3 (10th Cir. 2012). Here, the Property was sold to Defendant US Bank at a foreclosure sale, and a Public Trustee's Confirmation Deed was recorded in Douglas County on September 12, 2013. *See Public Trustee's Confirmation Deed* [#62-1].[10] Similar to the plaintiff in *Dillard*, Plaintiff is seeking a declaratory judgment that the foreclosure of her property was void ab initio, and "[t]o vacate and set aside any foreclosure sale that may occur . . . ." *Second Am. Compl.* [#47] at 39-40. Thus, Plaintiff is attempting to completely undo the foreclosure proceeding, which was final years before this litigation was initiated. Additionally, on August 15, 2017, the state court entered a Judgment for Possession finding

---

[10] The Court may properly consider the Public Trustee's Confirmation Deed [#62-1] because it is a public document subject to judicial notice and is also a document pertinent to ruling on whether the Court has subject matter jurisdiction with respect to this Claim. *See Gee*, 627 F.3d at 1186; *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000) (stating that courts may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Rule 12(b)(1)).

that US Bank is the lawful owner of the property and that Plaintiff was guilty of unlawful detention of the Property at the time of the hearing. *Order of Judgment for Possession* [#62-2].

Thus, the *Rooker-Feldman* doctrine precludes this Court's subject matter jurisdiction over review of the Rule 120 proceeding in dispute because the foreclosure and eviction proceedings have fully concluded, and because the relief that Plaintiff seeks, i.e., declaring the foreclosure void and vacating the foreclosure sale, would completely undo the foreclosure proceeding conducted in state court. *See Lewis v. Wells Fargo Bank NA*, No. 11-CV-03387-CMA-KLM, 2012 WL 4097709, at *6-7 (D. Colo. Aug. 21, 2012) (finding that *Rooker-Feldman* applied where order authorizing foreclosure sale entered after initiation of federal court case because "entire foreclosure process" had concluded), *report and recommendation adopted*, No. 11-CV-03387-CMA-KLM, 2012 WL 4097739 (D. Colo. Sept. 17, 2012). To challenge such proceedings, "the more appropriate remedy is to pursue an independent action in state court that challenges the [state court's] order authorizing foreclosure and the sale of the property." *See Yokomizo*, 2011 WL 2912691, at *2 (citing *Beeler Props. LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007)).

Lastly, Plaintiff contends that Rule 120 proceedings are not subject to the *Rooker-Feldman* doctrine because they are not final judgments subject to appellate review. *Response to US Bank's Motion* [#65] at 8-9. The Court is unpersuaded by Plaintiff's argument because the state court has gone beyond simply authorizing the sale and has approved it, which renders the judgment final for *Rooker-Feldman* purposes. *Compare McDonald v. OneWest Bank, F.S.B.*, 680 F.3d 1264, 1266 (10th Cir. 2012) ("[W]e recently

decided that *Rooker-Feldman* did not apply to determinations in Colorado Rule 120 proceedings, at least insofar as preventing a foreclosure sale where proceedings are pending." (emphasis added)).

Accordingly, the Court respectfully **recommends** that Claim One, to the extent that Plaintiff seeks to undo her foreclosure proceeding, be **dismissed without prejudice** pursuant to the *Rooker-Feldman* doctrine. *See, e.g.*, *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1063 (D. Colo. 2013).

With respect to Plaintiff's other claims, *Rooker-Feldman* does not generally bar the review of a plaintiff's facial challenge to the constitutionality of a state law. *See Kenman Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002). Plaintiff's claims that Rule 120 and the amendment to Colorado's foreclosure laws violate the Fourteenth Amendment "seek[ ] relief independent from [the] nullification" of the foreclosure proceeding, and therefore are not barred by *Rooker-Feldman*. *See Allen v. District Court Magistrate Judge Dupree*, No. 04CV2055, 2005 WL 2372837, at *6 (D. Colo. Sept. 27, 2005). Thus, those claims will be considered next.

### 2.     Constitutionality of Rule 120

Plaintiff alleges that Rule 120 foreclosure proceedings violate due process because they do not include a full and fair hearing, appellate review, or give homeowners the right to raise every available defense under the due process clause of the Fourteenth Amendment. *See Second Am. Compl.* [#47] at 8. However, "precedent makes clear that a judicial proceeding brought pursuant to Rule 120 which follows the dictates of that law does not violate an individual's due process rights under the Fifth and Fourteenth

Amendments." *Lewis v. JP Morgan Chase Bank, National Assoc.*, No. 13-cv-1375-PAB-KLM, 2014 WL 1217948, at *10 n.5 (D. Colo. Mar. 24, 2014) (internal citations omitted); *see also Mbaku v. Bank of Am., Nat. Ass'n*, 628 F. App'x 968, 973 (10th Cir. 2015) (finding that plaintiff's due process concerns were satisfied because Rule 120 allows a mortgagor to assert defenses by disputing the moving party's entitlement to the order authorizing sale). Thus, Plaintiff's contention that Rule 120's procedures are unconstitutional based entirely on the procedures themselves, and not on any alleged violation of those procedures in this particular case,[11] fails as a matter of law. *See Second Am. Compl.* [#47] at 8. Accordingly, to the extent that Plaintiff challenges the constitutionality of Rule 120, the Court respectfully **recommends** that this aspect of Claim One be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

### 3. Claims against Individual Defendants

Although likely not necessary, for the sake of completeness, the Court considers the individual Defendants' arguments regarding the insufficiency of Plaintiff's § 1983 claims. In addition to these claims failing as a matter of law, Plaintiff has not sufficiently alleged that Defendants US Bank, MERS, Castle, and Hopp were state actors, nor has she made specific allegations regarding wrongful conduct on the part of Defendant Duffy. The Court

---

[11] Plaintiff states that she is bringing an "as-applied" challenge to the constitutionality of Rule 120. *See, e.g.*, *Second Am. Compl.* [#47] at 11. However, her general statements that Rule 120 is unconstitutional are insufficient to allege how the Rule 120 proceedings were unconstitutional as specifically applied to *her* circumstances. *See Mbaku v. Carrington Mortg. Servs., LLC*, No. 17-CV-00462-LTB-STV, 2017 WL 1632507, at *7 (D. Colo. May 2, 2017) (dismissing with prejudice plaintiff's as-applied constitutional claim for failure to sufficiently allege how public trustee foreclosure process violated due process as applied to plaintiff's case). Furthermore, Plaintiff's statement that she "allowed the Order Authorizing Sale to be issued" at the February 20, 2013 hearing does not indicate that she lacked an opportunity to raise a defense. *Second Am. Compl.* [#47] at 7.

considers each set of Defendants in turn.

### a. Defendants US Bank and MERS

The allegations regarding Defendant US Bank are that it was a party to the February 20, 2013 hearing, "exercised the Order Authorizing Sale and foreclosed on [Plaintiff's] property," did not negotiate in good faith to modify the loan, and has only shown that it is a "holder" and not a "holder in due course" and therefore is possibly a thief. *Second Am. Compl.* [#47] at 6-10. Plaintiff alleges that Defendant MERS committed a "legal wrong" when it transferred the deed of trust to US Bank. *Id.* at 10. Plaintiff further states that Defendant US Bank acted under color of state law because it "knowingly subjected plaintiff to a procedurally defective Rule 120 [process] under the 14th Amendment which was conducted in a manner inconsistent with due process." *Id.* at 12. Plaintiff asserts that these "acts were done under color of state law with the aid of a public trustee, an agent of the state[,] as well as legislators, and judges who are state officials." *Id.* Defendants argue that Plaintiff has failed to allege facts that would satisfy the "color of law" element of a § 1983 action. *US Bank and MERS' Motion* [#62] at 11-12.

Section 1983 establishes liability based on the actions of the government and its agents. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446-47 (10th Cir. 1995). To support the assertion that a private citizen is a state actor, the conduct allegedly causing the deprivation of a federal right must be "fairly attributable to the state." *Id.* at 1447. In order for conduct to be "fairly attributable to the state,"

> [f]irst, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible." Second, the private party must have "acted together with or . . . obtained significant aid from state

officials or engaged in conduct 'otherwise attributable to the State.'"

*Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir.1996) (citations omitted). The Tenth Circuit has held that banks generally do not operate under color of state law, and therefore, cannot be held liable pursuant to § 1983. *See Ramsey v. Citibank, N.A.*, No. 10-cv-02653-WYD-CBS, 2011 WL 4485922, at *9-10 (D. Colo. July 28, 2011), *report and recommendation adopted*, No. 10-CV-02653-WYD-CBS, 2011 WL 4485918 (D. Colo. Sept. 28, 2011), *aff'd*, 475 F. App'x 711 (10th Cir. 2012) (finding that plaintiff's challenge to legal merits of defendant banks' eviction efforts was insufficient to transform banks into state actors); *Elliot v. May*, 122 F. App'x 944, 946 (10th Cir. 2004) (finding that plaintiff failed to show that defendants, including a bank, "who are private entities, were acting under 'color of state law'").

Even construed in the light most favorable to Plaintiff, the Second Amended Complaint appears to merely allege that Defendants US Bank and MERS utilized the legal processes available in order to carry out the foreclosure proceedings. "A private party invoking a state legal procedure does not transform itself into a state actor." *See Lewis v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 13-CV-01375-PAB-KLM, 2014 WL 1217948, at *3 (D. Colo. Mar. 24, 2014), *aff'd*, 606 F. App'x 896 (10th Cir. 2015); *see also Scott v. Hern*, 216 F.3d 897, 906-07 (10th Cir. 2000) (private individual does not engage in state action simply by availing itself of a state procedure); *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) ("It is well established that mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983."). Furthermore, Plaintiff's statement that Defendants' actions were "done under color of state law with the aid of a public trustee" is insufficient because such

joint conduct does not bring the relevant actions within the meaning of § 1983. *See Second Am. Compl.* [#47] at 12; *Lewis*, 2014 WL 1217948, at *3 (finding that alleged joint conduct between the public trustee and foreclosing defendants was merely the use of state legal procedures) (citing *Read v. Klein*, 1 F. App'x 866, 871 (10th Cir. 2001)).

Furthermore, relief under § 1983 cannot be premised solely on an argument that a private actor *misused* available state procedures, particularly in the absence of overt and significant assistance from state officials. *Cobb v. Saturn Land Company, Inc* ., 966 F.2d 1334, 1336-37 (10th Cir.1992). As explained previously, Plaintiff appears to allege that her due process rights were violated because Defendants followed Rule 120 procedures. *See Second Am. Compl.* [#47] at 6-10. Even if Plaintiff's assertion that Defendant US Bank did not negotiate regarding loan modification "in good faith" somehow constituted a misuse of procedures, that allegation still does not implicate state action. *See Cobb*, 966 F.2d at 1336-37. Thus, Plaintiff has not sufficiently alleged facts indicating that these Defendants misused Rule 120 procedures, nor has she sufficiently alleged that state officials overtly and significantly assisted in any misuse.

Accordingly, the Court respectfully **recommends** that this aspect of Claim One as to Defendants US Bank and MERS be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

### b. Defendants Castle and Hopp

With respect to Defendants Castle and Hopp, Plaintiff alleges that they "became state actors and 'de facto' staff attorneys of the legislature when they involved themselves in the legislative process by drafting the legislation which amended the foreclosure statute,"

which Plaintiff alleges violates due process. *Second Am. Compl.* [#47] at 13. She further asserts that these Defendants "usurped and corrupted official legislative power" and engaged in a "conspiracy to deprive homeowners of due process" in order "to foreclose for their clients, and increase[ ] their revenues, and perpetuate[ ] an ongoing civil conspiracy." *Id.* at 14.

The Second Amended Complaint does not contain any factual allegations to show that Defendants Castle and Hopp are state actors. As discussed above, to the extent that Plaintiff challenges Defendants' alleged perpetration of a foreclosure scheme via exercising statutory rights and utilizing court proceedings, this alleged joint conduct does not bring the relevant actions within the meaning of § 1983. *See Lewis*, 2014 WL 1217948, at *3 (finding that alleged joint conduct between the public trustee and foreclosing defendants was merely the use of state legal procedures) (citing *Read*, 1 F. App'x at 871).

The Court also rejects Plaintiff's allegation that, by virtue of participating in the legislative process that led to the enactment of Colorado's nonjudicial foreclosure scheme, Defendants Castle and Hopp are state actors. The Court is aware of no authority that supports Plaintiff's position that private parties are transformed into state actors because of their efforts to influence legislation. *See, e.g.*, *Chapel Farm Estates, Inc. v. Moerdler*, No. 01 Civ. 3601(MBM), 2003 WL 21998964, at *6 (S.D.N.Y. Aug. 22, 2003) (finding that homeowners association was not state actor by virtue of its efforts to lobby city council).

Accordingly, the Court respectfully **recommends** that this aspect of Claim One be **dismissed with prejudice** as to Defendants Castle and Hopp. *See Brereton*, 434 F.3d at 1219.

### c. Defendant Duffy[12]

Defendant Duffy is a Public Trustee.  In Claim One, Plaintiff alleges that "each of the defendants was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment and that the acts were done under color of state law with the aid of a public trustee, an agent of the state[.]"  *See Second Am. Compl.* [#47] at 12.  Plaintiff also alleges that Defendant Duffy "committed a 'legal wrong' when she held a public auction of Plaintiff Silva's property thereby further enforcing a Rule 120 Order Authorizing Sale in a proceeding alleged to be unconstitutional and conducted in a manner inconsistent with due process."  *Id.* at 22.  The Second Amended Complaint contains no allegations specifying Defendant Duffy's acts beyond those general assertions.

Plaintiff's allegation that the other Defendants acted "with the aid of a public trustee" is conclusory and amounts to nothing more than a formulaic recitation of elements.  Therefore, that allegation is insufficient.  *See Ashcroft*, 556 U.S. at 681 (citation omitted); *Ketchum v. Cruz*, 775 F.Supp. 1399, 1403 (D. Colo.1991) (holding that "[m]erely stating that [a plaintiff's] due process and equal protection rights have been violated does not entitle a pro se pleader to a day in court, regardless of how liberally [the court] construe[s] such pleadings").  Further, as discussed above, the "mere acquiescence of a state official in the actions of a private party is not sufficient" to state a § 1983 claim.  *See Gallagher*, 49

---

[12]  Plaintiff clearly states in the caption of the Second Amended Complaint [#47] that she is suing Defendant Duffy in her individual capacity.  Thus, the Court considers Defendant Duffy in that capacity.  To the extent that Plaintiff asserts in the Response [#66] to Duffy's Motion that she is bringing claims against Defendant Duffy in any other capacity, Plaintiff has not amended her pleadings accordingly and the Court therefore will not consider those contentions.

F.3d at 1453.

Accordingly, the Court respectfully **recommends** that this aspect of Claim One be **dismissed with prejudice** as to Defendant Duffy. *See Brereton*, 434 F.3d at 1219.

### 4.    § 1983 Conspiracy

In Claim Two, Plaintiff alleges that Defendants conspired to deprive her of her property by amending Colorado's foreclosure laws and using its foreclosure procedures to advance their financial interests, which violated Plaintiff's Fourteenth Amendment rights. *Second Am. Compl.* [#47] at 4. The Tenth Circuit has stated that "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under the color of state law" is actionable. *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990). In order to establish the existence of a conspiracy, a plaintiff seeking redress must show that there was a "single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences." *Id.* at 701-02. Conclusory allegations provide insufficient factual support for such a claim. *See Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.").

Here, there are no factual allegations to support a reasonable inference that the Defendants shared a specific goal to violate Plaintiff's constitutional rights by engaging in a particular course of action involving state actors. The closest Plaintiff comes to alleging

a conspiracy is her statement that "US Bank and other lenders and their respective attorneys had constructive or actual knowledge through [a newsletter] of the efforts of Lawrence E. Castle, Robert J. Hopp, and the Public Trustee Associations efforts [*sic*] to make foreclosures easier." *See Second Am. Compl.* [#47] at 19-20. However, the fact that Defendant US Bank discovered through a newsletter that other Defendants were attempting to make the foreclosure process easier does not show a concerted action or agreement among them. *See Sooner Prods.*, 708 F.2d at 512. Plaintiff alleges that Defendants "shared this common [financial] motive," that Plaintiff "is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants," and that Defendants' actions were taken under color of state law. *See Second Am. Compl.* [#47] at 16-17. These allegations are conclusory. *See Sooner Prods.*, 708 F.2d at 512. Additionally, as explained above, Plaintiff has not sufficiently alleged that Defendants US Bank, MERS, Castle, or Hopp engaged in any joint conduct with state actors. For these reasons, the Court respectfully **recommends** that Claim Two be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.[13]

5. **§ 1985(3) Conspiracy Claim**

Between the Third and Fourth Causes of Action in the Second Amended Complaint [#47], Plaintiff inserts a repeat "Second Cause of Action" for a conspiracy pursuant to §

---

[13] Plaintiff's Fifth Cause of Action is titled "Exparte [sic] Young Injunction" and solely consists of requests for injunctive relief. *Am. Compl.* [#26] at 28. If the Court's recommendation to dismiss all claims is accepted, Plaintiff's requested relief may not be granted. *See Frank v. Wells Fargo Bank, N.A.*, No. 15-cv-02646-RBJ, 2016 WL 6212524, at *9 (D. Colo. Oct. 11, 2016) (stating that a claim for injunctive relief must be supported by a cause of action).

1985(3) that is essentially a shortened replication of the earlier § 1983 conspiracy claim.[14] *See Second Am. Compl.* [#47] at 30-32.  It appears that the assertion of this claim may have been in error because the claim is not included in the "Causes of Action" listed at the beginning of the Second Amended Complaint [#47], the claim numbering is out of order and repeats the allegations contained in an earlier cause of action, and Plaintiff does not defend any § 1985 conspiracy claim in her Responses.  Even if the claim were properly asserted, as discussed above, Plaintiff has not sufficiently alleged any agreement or concerted action among the Defendants.  *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1988) (stating that plaintiff "must allege specific facts showing agreement and concerted action among the defendants" to sufficiently allege a § 1985(3) conspiracy claim).

Accordingly, to the extent that Plaintiff asserts a § 1985(3) conspiracy claim, the Court respectfully **recommends** that it be **dismissed with prejudice**.  *See Brereton*, 434 F.3d at 1219.

### E.    State Law Claims

Plaintiff also asserts state law claims of (1) fraud by misrepresentation and non-disclosure, (2) unjust enrichment, and (3) misfeasance in public office.  *See Second Am. Compl.* [#47].  These are claims which "[f]ederal law neither created . . . nor is federal law a necessary element of it.  [They are] purely . . . state-law claim[s]."  *See Tinner v. Farmers Ins. Co.*, 504 Fed.  App'x 710, 714 (10th Cir. 2012) (citation omitted).  Here, subject matter

---

[14]   The Court notes that the section titled "Third Cause of Action" is also repeated from earlier in the Second Amended Complaint.  *See Second Am. Compl.* [#47] at 33-36.

jurisdiction is based on federal question jurisdiction.[15]  *See Second Am. Compl.* [#47] at 2.

As a result, as Plaintiff acknowledges, consideration of the remaining claims would require

that the Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.   The

exercise of supplemental jurisdiction "is within a district court's discretion."  *Wittner v.*

*Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013).  Pursuant to 28 U.S.C. § 1367(c)(3),

"[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the

district court has dismissed all claims over which it has original jurisdiction."  *See Lancaster*

*v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the

bases for federal subject matter jurisdiction have been extinguished . . . the district court

may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state

claims").   Thus, having recommended dismissal of Plaintiff's federal claims, the Court

further **recommends** that the Court decline to exercise supplemental jurisdiction over

Plaintiff's remaining state law claims and that such claims (Claim Three, Claim Four, and

Claim Six) be **dismissed without prejudice**.  *See Bauchman v. W. High Sch.*, 132 F.3d

542, 549 (10th Cir. 1997) (holding that where federal claims are dismissed before trial,

federal courts should decline to exercise supplemental jurisdiction over state law claims by

dismissing the claim without prejudice).

## F.   "Doe" Defendants

"[P]ursuant to Fed. R. Civ. P. 10(a), a caption to a complaint must include the names

of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D.

Colo. Apr. 27, 2011) ("*Culp I*"), *aff'd*, 456 F. App'x 718 (10th Cir. 2012) ("*Culp II*").   The

---

[15]  Plaintiff does not assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

"Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit [therefore,] 'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Culp I*, 2011 WL 1597686, at *3 (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)).

Plaintiff included "Does 1-10" as Defendants in the caption of the lawsuit. However, Plaintiff does not provide any allegations related to the Does anywhere in the Second Amended Complaint [#47]. Additionally, the Court has recommended dismissal of all claims against all named Defendants. Thus, the Court respectfully **recommends** that Plaintiff's claims against Does 1-10 be **dismissed without prejudice**. *See Culp II*, 456 F. App'x at 720 (affirming dismissal of claims against John Doe defendants).

## IV. Conclusion

For the reasons stated above,

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' Motions [#57, #59, #61, #62, #80] be **GRANTED**, and that the Second Amended Complaint [#47] be **DISMISSED as outlined below**.

If this Recommendation is accepted, the following claims will be **dismissed with prejudice**:

(1) Individual-capacity claims against Defendants Caschette, King, and Stevens, on the basis of judicial immunity;

(2) Claim One;

(4) Claim Two; and

(5) Any conspiracy claim arising pursuant to § 1985(3).

If this Recommendation is accepted, the following claims will be **dismissed without prejudice**:

(1) All claims against Defendant 18th Judicial District, on the basis of Eleventh Amendment immunity;

(2) All claims to the extent that Plaintiff seeks to undo her foreclosure proceedings, pursuant to the *Rooker-Feldman* doctrine;

(3) Claims Three, Four, and Six brought pursuant to state law; and

(4) Any claims made against Does 1-10.

The Court further **RECOMMENDS** that Plaintiff's request for injunctive relief as stated in Claim Five be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 14, 2018

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge