IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1529-WJM-KLM

MARGARET A. SILVA,

    Plaintiff,

v.

US BANK, NATIONAL ASSOC., as Trustee under the Pooling and Service Agreement
dated as of February 1, 2007, GSAMP trust 2007-NCI,
MORTGAGE PASS-THROUGH CERTIFICATES, series 207, NCI,
PAUL KING, District Court Judge, in his individual capacity,
DAVID J. STEVENS, District Court Judge, in his individual capacity,
18TH JUDICIAL DISTRICT, Court of Colo. Arapahoe County,
RICHARD B. CASCHETTE, District Court Judge, in his individual capacity,
CHRISTINE DUFFY, Douglas County Public Trustee, in her individual capacity,
LAWRENCE E. CASTLE, in his corporate capacity,
ROBERT J. HOPP, in his individual and corporate capacity,
MERS INC., a division of MERSCORP INC., and
Does 1-10,

    Defendants.

## ORDER GRANTING EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Before the Court is Plaintiff's *pro se* Motion to Extend Time to File a Notice of Appeal. (ECF No. 132.) Plaintiff filed this motion on March 21, 2019, one day before her deadline to file a notice of appeal. Plaintiff requested an extension until April 21, 2019, stating that she "is seeking the services of another attorney because the current attorney has failed to perform in any manner, and has wasted precious time." (*Id.* at 3.)

The Court referred the motion to U.S. Magistrate Judge Kristen L. Mix (ECF No. 133), who granted the motion (ECF No. 135), extending Plaintiff's notice of appeal deadline to April 21, 2019. That day was a Sunday, and Plaintiff filed her notice of

appeal on April 22, 2019. (ECF No. 138.)

By order dated May 29, 2019, the Tenth Circuit ruled that "[a] magistrate judge is not authorized to issue a final ruling on a motion for extension of time to appeal. As a result, the order entered by the magistrate judge in the underlying case extending the time to appeal was not a final and effective order." (ECF No. 143 at 2 (citations omitted).) Accordingly, the Tenth Circuit "PARTIALLY REMANDED to [this Court] to consider Ms. Silva's motion for an extension of time to appeal." (*Id.* at 3 (capitalization in original).)

On June 3, 2019, the Court entered a text-only order stating, "It is apparent from the Tenth Circuit's reasoning that it considers Plaintiff's motion to have never been effectively ruled upon, and so the motion remains pending." (ECF No. 144.) The Court therefore withdrew the reference to Judge Mix and ordered "any defendant that opposes Plaintiff's motion to file his, her, or its response no later than June 10, 2019." (*Id.* (emphasis removed).) The Court received two responses, both timely filed.

The first response is from Defendant Duffy, who announces that she does not oppose Plaintiff's motion, but notes that nothing in the Federal Rules of Appellate Procedure addresses whether "a previously void notice of appeal [may] be deemed valid in retrospect under the circumstances presented here." (ECF No. 146 ¶¶ 6, 8.) Defendant Duffy therefore requests that "if the Court grants [Plaintiff's motion], Plaintiff be directed to file a new notice of appeal," apparently as distinguished from an amended notice of appeal. (*Id.* ¶ 9.)

The Court understands Defendant Duffy's concern but the Tenth Circuit has only partially remanded the appeal. In other words, the Tenth Circuit appears to believe that

2

there is some sense in which Plaintiff's April 22, 2019 notice of appeal is effective. Stated slightly differently, if the Tenth Circuit believed that the previously filed notice of appeal could not be effective under any circumstance, including retrospective validation, the Tenth Circuit should have dismissed the appeal for lack of jurisdiction. It did not. Accordingly, this Court cannot advise, much less order, Plaintiff to file a "new" notice of appeal (presumably opening a new Tenth Circuit case number) or an "amended" notice of appeal. The Court can only rule on the motion before it and grant Plaintiff an opportunity to file *a* notice of appeal. Whether that notice of appeal should be characterized as "new" or "amended" is a matter for the Tenth Circuit.

Defendant U.S. Bank filed the second response brief, presenting essentially two arguments in opposition to an extension of time to appeal. The first argument is that this Court has never vacated Judge Mix's order extending Plaintiff's deadline to April 21, 2019, and Plaintiff did not file on or before April 21, 2019, so Plaintiff missed her deadline regardless. (ECF No. 147 at 8.) Again, however, the Tenth Circuit's partial remand order establishes that Judge Mix's order had no effect. Although U.S. Bank is correct that the Court has never vacated that order, the Court will do so through this order. In that light, Plaintiff never missed any deadline because this Court never imposed any deadline.

U.S. Bank's second argument is that the desire to search for counsel is not sufficient good cause, as partially shown by the three months that have since passed with no new counsel entering an appearance. (*Id.* at 6–7.) The Court finds that evaluating Plaintiff's good cause from its current vantage point would be substantially unjust to Plaintiff. Had Tenth Circuit authority existed on April 21, 2019, establishing

that magistrate judges may not rule on motions for extension of time to appeal, Plaintiff would have received a ruling from the undersigned district judge shortly after the filing of her motion. Plaintiff should not be penalized for what turned out to be the Court's error in handling the motion.

From that perspective, the Court finds that Plaintiff's desire to search for appellate counsel states good cause under the circumstances. Accordingly, the Court will grant an extension of time of 14 days from the date of this order—the maximum extension the Court may grant under the circumstances. *See* Fed. R. App. P. 4(a)(5)(C).

The Court therefore orders as follows:

1. The Magistrate Judge's April 1, 2019 minute order (ECF No. 135) is VACATED;
2. Plaintiff's Motion to Extend Time to File a Notice of Appeal (ECF No. 132) is GRANTED; and
3. Plaintiff may file a notice of appeal on or before **July 8, 2019**.

Dated this 24th day of June, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge